USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/15/2017

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

RAHEEM JONES,

Defendant.

---

No. 15 Cr. 661 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Defendant Raheem Jones ("Defendant" or "Jones") has been charged with criminal conduct under two separate indictments, Indictment No. 15 Cr. 661 (NSR) (the "present Indictment") and Indictment No. 17 Cr. 644 (NSR) (the "RICO Indictment"). Now before the Court is the Government's application for a court order consolidating these cases and permitting a joint trial. Defendant not only fails to oppose the motion, but affirmatively joins in the application. For the following reasons, the motion is GRANTED on consent.

Under the present Indictment, Defendant is charged as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) following the recovery of a handgun in a backpack possessed by the Defendant. (Compl., ECF No. 1.) The criminal charges stem from an incident which occurred on September 15, 2015, wherein law enforcement officers responded to a radio run of shots fired in the vicinity of Clinton Avenue in New Rochelle, New York. (*Id.* ¶ 3a.) Officers were informed that an individual in a black BMW SUV fired shots into another car. (*Id.* ¶ 3b.) An eyewitness purportedly described the shooter as a black man with "a decent amount of hair." (*Id.*) Shortly after the shooting, officers located a vehicle matching the description of the BMW SUV driving away from the vicinity of the shooting. (*Id.* ¶ 3d.) Following a motor vehicle and foot chase, Jones was apprehended, and a backpack containing a handgun was

recovered.

Under the subsequent RICO Indictment, Jones and seven other co-defendants are charged with participating in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and the use of firearms in relation to the racketeering in violation of 18 U.S.C. § 924(c). It is alleged that from or about 2008 through 2017, Jones, along with his co-conspirators, participated in a series of criminal activities, including murder, assault, robbery, and narcotics trafficking as a member of the "Goonies" or Goon Squad. In furtherance of these crimes, it is alleged that Jones possessed, brandished, and discharged firearms.

The Government seeks a joint trial on the basis that the facts and evidence to be presented in both cases are inextricably intertwined. The Government asserts it will rely on the same evidence it intends to proffer under the present Indictment to prove key elements of the crimes charged in the RICO Indictment. In particular, the Government asserts that Jones's criminal conduct charged in the present Indictment was committed in furtherance of the racketeering conspiracy charged in the RICO Indictment.

Rule 13 of the Federal Rules of Criminal Procedure provides that "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information." Fed. R. Crim. P. 13. Thus, the decision to order two indictments be tried together is left to the sound discretion of the court. *See United States v. Antonelli Fireworks Co.*, 155 F.2d 631, 635 (2d Cir.), *cert. denied*, 329 U.S. 742 (1946). In exercising such discretion, however, the court must be mindful of the constraints created by Rule 8 of the Federal Rules of Criminal Procedure. *See United States v. Westcom*, No. 13-CR-93, 2014 WL 12633537, at *3 (D. Vt. Apr. 23, 2014) (*citing USA v. Halper*, 590 F.2d 422, 428–29 (2d Cir. 1978)).

Rule 8(b) provides, in relevant part, that an indictment may charge two or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or set of offenses. Fed. R. Crim. P. 8(b). Further, joinder of offenses under the Rule 8(b) is permissible if the offenses are of the same or similar character such that evidence of the separate crimes would be admissible at the separate trials. *Halper*, 590 F.2d at 431. In such cases, the defendant is not unfairly prejudiced by the joint trial of the offenses. *Id.*

In the instant matters, not only are the offenses related but evidence from the present Indictment is relevant to, and substantially supports the charges alleged in the RICO Indictment. Additionally, the same evidence would be used to prove the crimes charged under the present Indictment and portions of the RICO Indictment. Taking into consideration judicial efficiency and the minimal risk of prejudice to the Defendant, the Government's application for a joint trial is granted.

## CONCLUSION

For the foregoing reasons, the Government's motion for a court order directing that Indictment No. 15 Cr. 661 and Indictment 17 Cr. 644 be jointly tried is GRANTED. The Clerk of the Court is respectfully directed to terminate the final pre-trial conference scheduled on December 1, 2017 and adjourn *sine die* the trial scheduled to commence December 11, 2017. The Clerk of the Court is also respectfully directed to terminate the motion at ECF No. 28. This constitutes the Court's Opinion and Order.

Dated: November 15, 2017  
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN  
United States District Judge